# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

CHRISTOPHER ALLEN THORNSBERRY                                           PLAINTIFF
ADC #169180

v.                              2:20-cv-00239-BSM-JJV

ROOSEVELT G. BARDEN,
Captain, East Arkansas Regional Unit, *et al.*                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

### DISPOSITION

**I.    DISCUSSON**

Christopher Allen Thornsberry ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction. In December 2020, he filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging numerous Defendants violated his constitutional rights in

1

many factually and legally unrelated ways.  (Doc. 2.)   I explained to Plaintiff that his claims were not properly joined under Fed. R. Civ. P. 20, instructed him to amend his complaint to include only properly joined claims, cautioned him an Amended Complaint would render his original Complaint without any legal effect, and explained why some of his allegations failed to rise to the level of a constitutional violation.  (Doc. 3).

Plaintiff has recently filed an Amended Complaint narrowing his claims to events that occurred in October 2020, and naming Captain Roosevelt Barden, Disciplinary Hearing Officer Terrie Banister, and Deputy Warden Anthony Jackson as the only Defendants. (Doc. 4.) Thus, all other claims raised in the original Complaint have been abandoned, and Defendants Cobb, Minor, Lane, Lay, Payne, Taylor, should be dismissed without prejudice as parties to this action.

In the Amended Complaint, Plaintiff says that on October 5, 2020, he told his mother during a telephone call that he was being sexually harassed by another inmate.  (Doc. 4.) Allegedly, Plaintiff's mother reported that information to Defendant Captain Roosevelt Barden. A "short while later," Captain Barden allegedly came into Plaintiff's barrack, called him a "shit dick sucker," unplugged the phone while he was using it, and issued a false disciplinary charge against him. (*Id.* at 4.)   Defendant Hearing Officer Terrie L. Banister found Plaintiff guilty of the charges, and Defendant Deputy Warden Anthony Jackson affirmed that decision on appeal.   (*Id.*) As a result of his disciplinary conviction, Plaintiff lost sixty days of phone, visitation, and commissary privileges; spent approximately thirty-seven days in isolation; and his class was reduced.  For the following reasons, I conclude the Amended Complaint fails to plead a plausible § 1983 claim for relief against Defendants Barden, Banister, Jackson.

First, Plaintiff alleges Captain Barden issued a false disciplinary charge to retaliate against him for reporting sexual harassment. To plead a plausible First Amendment retaliation claim,

Plaintiff must provide facts suggesting; "(1) he engaged in a protected activity, (2) [Barden] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson County*, 738 F.3d 907, 911 (8th Cir. 2013).   The Amended Complaint falls short on the third element. Plaintiff says he complained to authorities that *another inmate* - and not Captain Barden - was sexually harassing him.   Plaintiff does not allege he filed any grievances or otherwise made any complaints against Captain Barden before October 5, 2020.   Thus, there are no facts suggesting Captain Barden had a motive to retaliate against Plaintiff when he issued the disciplinary charge.  *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019) (dismissing retaliation claim when there was no evidence connecting several defendants to the allegedly retaliatory conduct); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability requires causal link to, and direct responsibility for, the alleged deprivation of rights).   Accordingly, I conclude Plaintiff has failed to plead a plausible First Amendment retaliation claim against Captain Barden.

Second, Plaintiff says Captain Barden "made sexual derogatory remarks towards me verbally sexually harassing me."  (Doc. 4 at 4.)  A § 1983 action can only be raised against a state actor for the violation of a federal statutory or constitutional right.   42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).   It is well settled that name calling, vulgar language, and verbal harassment by prison officials – while offensive and unprofessional - do not rise to the level of a constitutional violation.  *Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007).   And, the Eighth Circuit has held that, although a prison guard's "sexual comments and gestures were reprehensible," such verbal "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of

3

pain" sufficient to sustain an Eighth Amendment violation. *Howard v. Everett*, Case No. 99-1277EA, 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished opinion); *see also Beard v. Day,* No. 1:18-cv-00077-KGB-JTR, at *3 (E.D. Ark. Dec. 13, 2018) (unpublished decision) (dismissing a sexual harassment claim on screening because the prisoner did not allege he was inappropriately touched by any guards); *Sims v. King,* No. 3:16-cv-00016-DPM-JTR, 2016 WL 8730176, at *1 (E.D. Ark. Mar. 4, 2016) (unpublished decision) (same). Because Plaintiff does not allege Captain Barden inappropriately touched him, he has not pled a plausible Eighth Amendment claim against him.

Third, Plaintiff says Hearing Officer Banister violated his due process rights by not allowing him to review a video during his disciplinary hearing. Similarly, he claims Deputy Warden Jackson violated his due process rights by affirming that disciplinary conviction. Prisoners have a Fourteenth Amendment right to receive due process during prison disciplinary proceedings *only* if they implicated a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation only if the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019). Plaintiff has not pled any facts suggesting the conditions in isolation were an atypical or significant hardship, and the Eighth Circuit has held confinement in isolation for much longer than the thirty-seven days alleged by Plaintiff does not give rise to a liberty interest*. See Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir.

2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*). Similarly, Plaintiff did not have a liberty interest in maintaining a particular classification level or in keeping his commissary, phone, or visitation privileges. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Smith,* 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011). Having no liberty interest at stake, Plaintiff was not entitled to receive any due process protections during his disciplinary proceedings. Thus, I conclude he has not pled a plausible due process claim against Defendants Banister and Jackson.

Finally, Plaintiff claims Hearing Officer Banister and Deputy Warden Jackson violated ADC rules and practices during his disciplinary proceedings. But, prisoners do not have a constitutional right to enforce compliance with internal prison rules and regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Accordingly, I conclude Plaintiff has not pled any plausible § 1983 claims against Defendants Banister or Jackson.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Plaintiff's claims against all Defendants be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as a strike under 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

3.      The court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this   22nd day of January 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."