**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER ALLEN THORNSBERRY | * | |
| ADC #169180 | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 2:20-cv-00239-JJV |
| | * | |
| ROOSEVELT G. BARDEN, | * | |
| Captain, East Arkansas Regional Unit | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER[1]**

## I.     INTRODUCTION

Christopher Allen Thornsberry ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC").  He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that on October 5, 2020, Defendant Roosevelt G. Barden falsely accused him of a disciplinary infraction to retaliate against Plaintiff for reporting, earlier that day, that he was being sexually harassed by another prisoner.  (Docs. 4, 7, 18, 19.)  All other claims and Defendants have been dismissed without prejudice.  (*Id.*).

Defendant Barden has filed a Motion for Summary Judgment arguing he is entitled to dismissal because Plaintiff failed to properly exhaust his administrative remedies.  (Docs. 33, 34, 35.)  Plaintiff has filed a Response.  (Doc. 36.)  Defendant has not filed a Reply. After careful consideration and for the following reasons, the Motion is DENIED.

## II.    SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if

---

[1] On November 17, 2021, the parties consented to proceed before me. (Doc. 32.)

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

### A.   The Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily

2

resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint and complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Importantly, the Supreme Court has emphasized "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218. Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility. *Id.*

### B.    The ADC's Exhaustion Procedure

The ADC grievance policy in effect at the relevant time in this case was Administrative Directives 19-34. (Docs. 33-1, 33-2.) This Directive establishes a three-step procedure. (*Id.*) First, the inmate must attempt informal resolution by submitting a Unit Level Grievance Form to a designated problem solver within fifteen days of the incident. The form must include a brief statement that is specific as to the substance of the issue or complaint to include the date, place, "personnel involved or witnesses," and how the policy or incident affected the inmate submitting the form. (*Id.* § IV(E)(2))(emphasis added.) Inmates are cautioned a "[g]rievance must specifically name each individual involved in order that a proper investigation and response may be completed" and an inmate who "fails to name all parties during the grievance process" may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties. (*Id.* § IV(C)(4).) And, the grievance form itself reminds prisoners to include the "name of personnel involved." (*Id.* at 20.) The problem solver must respond to the informal resolution within three working days. (*Id.* § IV(C)(4) and (7).)

3

Second, if informal resolution is unsuccessful or the problem solver does not timely respond, the inmate must file a formal grievance with Warden on the same Unit Level Grievance Form within three working days. (*Id.* § IV(E)(11) and (F)(5)(7). The Warden must provide a written response to the formal grievance within twenty working days. (*Id*. § IV(F)(7).)

Third, an inmate who is dissatisfied with the response or does not timely receive a response, must appeal within five working days to the ADC Assistant Director. (*Id*. § IV(F)(8) and (G).) The ADC Assistant Director must provide a written response within thirty working days. (*Id*. at IV(G)(6).) A decision or rejection of an appeal at this level is the end of the grievance process. (*Id*.) Finally, the Directives include the following warning:

> Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit or Claims Commission claim. If this is not done, the lawsuit or claim may be summarily dismissed.

(*Id*. at § IV(N).)

### C.    Plaintiff's Grievances

The parties agree EAM-20-2335 is the only relevant grievance.[2] (Docs. 33-1; 36). In that grievance, Plaintiff said:

> On 10-5-20 Captain R. Barden falsified state documents and placed me in isolation 3 from cellblock 4. Capt. Barden claimed that he entered Max 4 and heard me threaten another inmate and that I was throwing objects. But the video camera footage will show that I did not throw nothing and that Capt. Barden entered into Max 4 and unplugged the phone while I was on it because I had my mother call here and report a PREA incident. Also the phone recording of my conversation will show that too. I demand video footage be saved and the recording of my conversation because that will be evidence when I file my lawsuit. Capt. Barden continues to harass and <u>retaliate on me for making reports</u>. When locking me up

---

[2] In an abundance of caution, Defendant has also included EAM-20-2404 where Plaintiff said Defendant Bearden and other prison officials were denying him access to the telephone. (Doc. 33-4.) I agree this grievance is irrelevant because it raises a claim that is not pending in this lawsuit.

> Capt. Barden called me profane names and made sexual derogatory remarks
> towards me. My due process rights were violated by staff not allowing me to use
> video footage, [and] phone recordings, to prove my innocence.

(Doc. 33-3 at 1) (emphasis added.) The Warden rejected the grievance without reaching the merits

because it involved a disciplinary which, according to ADC policy, is a non-grievable matter. (*Id.*

at 4.) In his appeal to the ADC Deputy Director, Plaintiff said:

> This grievance is on Capt. Barden falsifying state documents and violating my due
> process rights. The video footage will confirm I did not throw nothing and Barden
> unplugged the phone while I was on it. Again, I demand video footage to be saved
> and the phone conversation to my mother because I will be filing a lawsuit.

(*Id*.) The ADC Deputy Director rejected the appeal without reaching the merits because he agreed

Plaintiff was improperly attempting to challenge a disciplinary. (*Id.* at 3.)

Defendant Barden argues he is entitled to dismissal because Plaintiff did not obtain a ruling

on the merits of his retaliation claim during the grievance procedure. (Docs. 33, 34.) I disagree.

The PLRA requires prisoners to exhaust "available" administrative remedies. *See* 42 U.S.C. §

1997e(a). Administrative remedies are unavailable "when prison administrators thwart inmates

from taking advantage of a grievance process through machination, misrepresentation, or

intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016); *Townsend v. Murphy,* 898 F.3d 780,

783 (8th Cir. 2018). Plaintiff clearly alleged in EA-20-2335 that Defendant Barden had

"retaliated" against him. Administrative Directive 19-34 § III(H) says "disciplinaries" are "non-

grievable issues." (Doc. 33-2 at 3.) However, that same section goes on to say: "Claims of

Retaliation, <u>even if related to an issue referenced above</u>, are Grievable." (*Id*.) (emphasis added.)

In other words, retaliation is grievable even if it relates to a disciplinary matter.

Defendant Barden does not say the Warden's rejection of his grievance was proper.

Instead, he says Plaintiff abandoned his retaliation claim on appeal by accusing him of "violating

my due process rights." During screening, Plaintiff's claim that <u>former defendants</u> violated his <u>due process</u> rights by not allowing him to review video footage during his disciplinary hearing was dismissed. (Docs. 5, 7.) And, the Eighth Circuit affirmed that ruling. (Doc. 18.) However, the Eighth Circuit held Plaintiff properly pled a claim that <u>Defendant Barden</u> <u>retaliated</u> against him for reporting sexual harassment. (*Id*.) Although the appeal of EAM-20-2335 incorrectly refers to Fourteenth Amendment "due process" instead of retaliation under the First Amendment, it does accuse Defendant Barden of "falsifying state documents" and wrongfully accusing Plaintiff of something he did not do. In other words, although Plaintiff may have referred to the wrong constitutional provision, he provided the proper factual basis for his claim against Defendant Barden, which is all Admin. Dir. 14-34 requires.[3] For these reasons, I conclude Plaintiff did not abandon his retaliation claim against Defendant Barden on appeal and that the ADC Deputy Director thwarted his efforts at fully exhausting that claim by rejecting the appeal as raising a non-grievable matter.

## IV.     CONCLUSION

IT IS, THEREFORE, ORDERED that Defendant Barden's Motion for Summary Judgment (Doc. 33) is DENIED.

DATED this 11th day of January 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3]  Admin. Dir. 19-34 § IV(E)(2) says a grievance must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." And § IV(G)(2) says the appeal must "state a reason for the appeal," the date, prisoner's name, and the prisoner's ADC number. (Doc. 33-2 at 6, 12.) The policy does <u>not</u> require the prisoner to provide a legal basis for his allegations.